UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DigaComm, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | Honorable _____ |
| | ) | |
| Vehicle Safety & Compliance, LLC, | ) | |
| Pittco Capital Partners, L.P., | ) | |
| Pittco Capital Partners II, L.P., | ) | |
| Andrew Seamons, J.R. "Pitt" Hyde, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR A RULE TO SHOW CAUSE TO FISH & RICHARDSON P.C.

In support of its petition for a rule to show cause, DigaComm, LLC ("DigaComm") states as follows:

1. This action arises from a subpoena issued by DigaComm to Fish & Richardson P.C.

2. DigaComm is the plaintiff in an action against the Defendants currently pending before the Honorable George Lindberg in the Northern District of Illinois. In addition, DigaComm is the claimant in an arbitration against an affiliate of the Defendants pending in the State of Delaware. Discovery in the two proceedings has been conducted on a consolidated basis.

3. DigaComm has alleged claims against the Defendants for fraud, tortious interference with contract, and unjust enrichment. Its claims arise from its actions as a broker acting on behalf of Vehicle IP, LLC ("VIP"), a Delaware limited liability company affiliated with the Defendants. DigaComm alleges that it facilitated a joint venture between General

Electric and VIP (the "GE Deal") designed to exploit patents held by VIP. After the GE Deal had closed, DigaComm was denied its compensation by VIP and Defendants.

4. In connection with the prosecution of its claims, DigaComm issued a subpoena from this Court to Fish & Richardson, P.C. ("Fish"). A copy of the subpoena to Fish is attached as Exhibit 1 to this petition.

5. Fish is an important source of discoverable information. Fish is important because, among other reasons, it served as counsel for VIP in connection with the GE Deal. It thus likely has discoverable information relating to that deal, which is the center of the litigation. In addition, prior to VIP's and Defendants' decision to pursue the GE Deal, they had been engaged in extensive negotiations with Fish regarding potential a transaction to exploit the patents by way of a contingent fee agreement. Fish is thus a likely repository of discoverable information relating to the validity and value of VIP's patents.

6. It is important to note that Fish also serves as litigation co-counsel to VIP in the arbitration proceeding. Cognizant of this dual role, DigaComm structured its subpoena so that it excluded documents in Fish's litigation file. (Ex. 1 at p. 4, Instruction 2.) This was done to comply with Rule 45(c)(1).

7. Prior to issuing the subpoena in question, counsel for DigaComm sought the voluntary compliance of Fish. On February 21, 2008, counsel for DigaComm requested by letter, sent via email and Federal Express, that Fish's litigation partner state whether Fish would voluntarily accept service of DigaComm's requests for documents.

8. Counsel for Fish ignored the request for voluntary compliance.

2

9. As a result, DigaComm issued the subpoena to Fish on February 26, 2008. The subpoena was served on Fish's registered agent on February 29, 2008. The subpoena was returnable on March 18, 2008.

10. Fish ignored the subpoena.

11. Even though Local Rule 7.1.1 may not apply in the case of a subpoena that is ignored by the recipient, as a sign of good faith and out of an abundance of caution, DigaComm has taken additional steps to secure voluntary compliance and which meet the requirements of Local Rule 7.1.1. On Sunday, March 23, 2008, counsel for DigaComm sent, by email, a final request for compliance by Fish to Cathy L. Reese and Brian Rostocki, the Fish litigation attorneys working on the arbitration and federal litigation. Counsel for DigaComm spoke with Mr. Rostocki and was referred to John Steele, another Fish attorney.

12. Counsel for DigaComm spoke with Mr. Steele briefly on Monday, March 24. Mr. Steele stated that he needed a day to figure out what happened and promised to call the next day. No one from Fish called on Tuesday, March 25. Counsel for DigaComm sent an email to Mr. Steele that same day and received no response.

13. Counsel for DigaComm sent another email to Mr. Steele on Wednesday, March 26, and again, received no response.

14. Counsel for DigaComm sent yet another email to Mr. Steele on Thursday, March 27. Mr. Steele responded, stating that Fish was still looking and that he would call the next day. No one from Fish called on Friday, March 28 or subsequently. Thus, as of March 31, more than a week after its final attempt to secure voluntary compliance, DigaComm has received no

explanation for Fish's noncompliance, no promise of immediate compliance, nor any other substantive response relating to the subpoena.

15. DigaComm is required by the Court in which its case is pending to vigorously pursue discovery. Judge Lindberg of the Northern District of Illinois is the presiding judge in this matter. Judge Lindberg requires that all discovery be completed within four months of the Defendants' answer date. In addition, Judge Lindberg's standing order admonishes parties that "Motions to compel are encouraged. The Court will not accommodate parties who fail to complete discovery because they were lulled into complacency by their opponent's unmet promises."

16. DigaComm requests that a rule to show cause issue from this Court. DigaComm requests a finding that (a) Fish is in contempt of the court order embodied in the subpoena served upon it; (b) Fish has waived any objections it might have under Rule 45(d); (c) that Fish must immediately produce document responsive to DigaComm's subpoena; and (d) Fish should pay DigaComm's costs and attorneys fees in connection with the enforcement of the subpoena.

## CONCLUSION

WHEREFORE, DigaComm requests that the Court enter a Rule to Show Cause to Fish and, upon a finding that good cause does not exist, entered the relief requested herein.

Dated: March 31, 2008

        KIRKLAND & ELLIS LLP
        Reed S. Oslan, P.C.
        Stephen C. Hackney
        Matthew E. Nirider
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI STANG ZIEHL & JONES LLP

        */s/ James E. O'Neill*
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        Timothy Cairns (Bar No. 4228)
        919 North Market Street, 17th Floor
        P. O. Box 8705
        Wilmington, DE 19899-8705
        Telephone: (302) 652-4100
        Facsimile: (302)-652-4400

        Co-Counsel for the Debtors and Debtors in Possession

# EXHIBIT 1

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| DigaComm, LLC | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| Vehicle Safety and Compliance, LLC, et al. | Case Number:[1] 08 C 338 (N.D. Ill.) |

TO: Fish & Richardson P.C., The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE  919 N. Market Street, 17th Floor, Wilmington, DE 19899 | DATE AND TIME  3/18/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Matthew Nirider   Attorney for Plaintiff DigComm, LLC | 2/26/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew E. Nirider, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601
(312) 861-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case                                    HPS  2125

## PROOF OF SERVICE

| | DATE / time | PLACE |
|---|---|---|
| SERVED | 2/29/08 at 2:00 PM | Corporation Trust Co.<br>1209 Orange St., Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) / Title | MANNER OF SERVICE |
|---|---|
| Fish & Richardson, P.C. | Accepted by Scott LaScala, Managing Agent duly authorized to accept service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3/3/08
                DATE

SIGNATURE OF SERVER

**HATFIELD PROCESS SERVICE**
ADDRESS OF SERVER (www.hatfieldprocess.com)
1669 Jefferson
Kansas City, MO  64108

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **RETURN OF SERVICE**

## UNITED STATES DISTRICT COURT
### District of Delaware

Case Number: 08C338

Plaintiff/Petitioner:
**DIGACOMM, LLC**
vs.
Defendant/Respondent:
**VEHICLE SAFETY AND COMPLIANCE, LLC, et al.**

For: Caroline P. Lippert
KIRKLAND & ELLIS, LLP

Received by Hatfield Process Service on the **28th** day of **February, 2008** at **10:00 am** to be served on **Fish & Richardson, P.C., c/o Registered Agent: The Corporation Trust Company, 1209 North Orange Street, Wilmington, DE 19801.** I, __Daniel Newcomb__, do hereby affirm that on the __29__ day of __February__, 20__08__ at __2:00__ p.m., executed service by delivering a true copy of the Subpoena in a Civil Case with Attachment A in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving __Scott LaScala__
as __Managing Agent__ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

PROCESS SERVER # __Daniel Newcomb (no #s in DE)__
Appointed in accordance
with State Statutes

**Hatfield Process Service**
Www.Hatfieldprocess.Com
1669 Jefferson
Kansas City, MO 64108
(816) 842-9800
Our Job Serial Number: 2008002125

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.1b

## ATTACHMENT A

## SUBPOENA DUCES TECUM

## DEFINITIONS

1.  "Document" means every writing or record of every type and description, including letters, correspondence, calendars, diaries, memoranda, tapes, electronic data or storage, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, financial statements, applications, emails, tests, and includes all copies of every writing or record when the copy is not identical to the original.

2.  Requests for communications or correspondence with legal entities shall extend to communications with employees, officers, directors, members, preferred interest holders, shareholders, or agents of the legal entity in question.

3.  "DigaComm" shall mean Plaintiff DigaComm, LLC, Peter Smith, and/or Jonathan Tunick.

4.  "Fish & Richardson," "you," or "your" shall mean Fish & Richardson, P.C. and any partners, members, shareholders, associates, staff, agents, consultants, employees, representatives, and any other person(s) who are, or were, acting under your control or at your direction. These terms shall also include business organizations (including, but not limited to corporations, professional corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) or trusts that you control or that are controlled, directly or indirectly, by entities that you control.

5.  "VIP" shall mean Vehicle IP, LLC and any agents, consultants, employees, representatives, members, officers, directors, and any other person(s) (including, but not limited to, Bradley Larschan, Ericka Wojack, J. Raymond Bilbao, and Andrew Seamons) who are, or were, acting under its control or at its direction. These terms shall also include business

organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

6. "VSAC" shall mean Vehicle Safety and Compliance, LLC and any agents, consultants, employees, representatives, officers, directors, members, preferred interest holders (including, but not limited to, Pittco Capital Partners, LP and Pittco Capital Partners II, LP), and any other person(s) who are, or were, acting under its control or at its direction. These terms shall also include business organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

7. "GE" shall mean General Electric Co. and any subsidiaries, (including, but not limited to, the GE Intellectual Property Licensing division or subsidiary, whichever the case may be), affiliates, consultants agents, employees, (including, but not limited to, Jimmy Goo, Michael Petracci, and Jim DiGeorgio) representatives, officers, directors, members, and any other person(s) or entities who are, or were, acting under your control or at your direction. These terms shall also include business organizations (including, but not limited to corporations, partnerships, limited partnerships, limited liability companies, limited liability partnerships, and unincorporated associations) and/or trusts that it controls or that are controlled, directly or indirectly, by entities that it controls.

8. "GE SPE" shall mean the entity that acquired a portfolio of patents from VIP as part of the GE Deal.

2

9. "GE Deal" shall mean the transaction involving GE and VIP in which VIP contributed a portfolio of patents to the GE SPE.

10. "VIP Patent Portfolio" shall mean those patents contributed by VIP to the GE SPE, and shall include, but not be limited to, U.S. Patent Nos. 6,405,033; 6,301,480; 6,295,449; 6,240,295; 6,167,255; 6,148,202; 6,018,657; 6,009,330; 5,983,108; 5,966,658; 5,918,172; 5,884,221; 5,832,394; 5,826,195; 5,771,455; 5,734,981; 5,699,275; 5,652,707; 5,544,225; 5,539,810; 5,519,621; 5,513,111; 5,398,190; 5,299,132; and/or 5,155,689.

11. "Economic Interest" shall mean a right, claim, legal share, membership unit, preferred interest, or other thing of value.

12. "Monetize," "Monetization," or "Monetizing," with respect to the VIP Patent Portfolio, shall mean any proposed or actual syndication efforts, any proposed or actual licensing efforts, any proposed or actual cross-licensing efforts, any proposed or actual litigation, or other proposed or actual efforts to obtain a thing of value relating to the VIP Patent Portfolio.

13. "Complaint" shall mean DigaComm's First Amended Complaint in this action.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

15. As used herein, "referring," "regarding," "relating," "relates," or "respecting," any given subject matter means, in addition to the plain meaning of those words, responding to, describing, analyzing, embodying, assessing, discussing, identifying, or otherwise referring directly or indirectly to, in any way, the particular subject matter identified.

16. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

## INSTRUCTIONS

1. Subject to Instruction No. 2 below, with respect to any documents or information withheld on a claim of attorney/client privilege, attorney work product privilege, or any other privilege, provide the author(s), the recipient(s), the date of the communications, and an express statement of the privilege that describes the nature of the documents, communications, or things not produced or disclosed in a manner that will enable DigaComm to assess the applicability of the privilege or protection.

2. DigaComm understands that Fish & Richardson also serves as litigation counsel in the above-captioned matter. These requests should not be construed to include Fish & Richardson's litigation files relating to this matter. Thus, DigaComm does not expect Fish & Richardson to log privileged communications or attorney work-product that are located in its litigation files for this matter.

3. These requests are continuing in nature. Supplemental responses are required if you obtain further information after your responses.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents relating to the acquisition of the patents that constitute the VIP Patent Portfolio, including, but not limited to, communications with employees of the seller, notes, analyses or projections of current or future value.

**RESPONSE TO REQUEST NO. 1:**


**REQUEST NO. 2:** All documents relating to the GE Deal, including, but not limited to email, correspondence, drafts, closing sets, negotiations, exhibits, budgets, side agreements, approvals, and/or memoranda.

**RESPONSE TO REQUEST NO. 2:**

**REQUEST NO. 3:** All documents relating to DigaComm.

**RESPONSE TO REQUEST NO. 3:**


**REQUEST NO. 4:** All documents relating to John Hall.

**RESPONSE TO REQUEST NO. 4:**


**REQUEST NO. 5:** All correspondence or other communications to or from GE relating to the GE SPE or the VIP Patent Portfolio.

**RESPONSE TO REQUEST NO. 5:**


**REQUEST NO. 6:** All documents relating to Fundamental Wireless, LLC.

**RESPONSE TO REQUEST NO. 6:**


**REQUEST NO. 7:** All documents relating to the validity of the VIP Patent Portfolio, including, but not limited to, patent file histories, patent books, opinion letters, notes, analyses, and/or claims charts.

**RESPONSE TO REQUEST NO. 7:**


**REQUEST NO. 8:** All estimates, projections, appraisal reports, valuation analyses, budgets, market studies, next-best-alternative analyses, design-around analyses, studies, reports, and/or any other documents relating to the current or future value of the VIP Patent Portfolio or the GE SPE.

**RESPONSE TO REQUEST NO. 8:**

**REQUEST NO. 9:** All correspondence or other communications between you and any third parties, auditors, accountants, tax professionals, and/or government authorities, including the Internal Revenue Service, relating to the current or future value of the VIP Patent Portfolio, the GE SPE, and/or Economic Interests in VIP or VSAC.

**RESPONSE TO REQUEST NO. 9:**


**REQUEST NO. 10:** All documents relating to efforts to Monetize the VIP Patent Portfolio, including, but not limited to, third-party communications, third-party solicitations, third-party investments, third-party negotiations, private placement memoranda, marketing materials, licensing memoranda, presentations, demands, suits, contemplated suits, analyses, budgets, projections, claims charts, decks, and/or other estimates of current, future, and/or potential revenue.

**RESPONSE TO REQUEST NO. 10:**


**REQUEST NO. 11:** All corporate documents relating to the GE SPE, including, but not limited to, meeting minutes, member consents, LLC operating agreements, membership agreements, corporate resolutions, fairness opinions, private placement memoranda, shareholder agreements, partnership agreements, by-laws, and/or articles of organization.

**RESPONSE TO REQUEST NO. 11:**


**REQUEST NO. 12:** All corporate documents relating to Fundamental Wireless, LLC, including, but not limited to, meeting minutes, member consents, LLC operating agreements, membership agreements, corporate resolutions, fairness opinions, private placement memoranda, shareholder agreements, partnership agreements, by-laws, and/or articles of organization.

**RESPONSE TO REQUEST NO. 12:**

**REQUEST NO. 13:** All documents relating to efforts to Monetize any VIP patents prior to the GE Deal, including, but not limited to, discussions or negotiations between you and VIP and/or VSAC.

**RESPONSE TO REQUEST NO. 13:**


**REQUEST NO. 14:** All documents relating to SightSound Technologies or its transaction with GE and/or DigaComm.

**RESPONSE TO REQUEST NO. 14:**


**REQUEST NO. 15:** All documents relating to any internal GE process involving the decision to approve the GE Deal, including, but not limited to, due diligence documents, analyses, reports, recommendations, decks, memoranda, and/or decisions.

**RESPONSE TO REQUEST NO. 15:**


**REQUEST NO. 16:** Any opinion letters regarding any of the VIP patents.

**RESPONSE TO REQUEST NO. 16:**


**REQUEST NO. 17:** All documents relating to any Economic Interest you have in the GE SPE or the VIP Patent Portfolio.

**RESPONSE TO REQUEST NO. 17:**


**REQUEST NO. 18:** All documents relating to any Economic Interest you have in Fundamental Wireless, LLC.

**RESPONSE TO REQUEST NO. 18:**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DigaComm, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | Honorable _____ |
| | ) | |
| Vehicle Safety & Compliance, LLC, | ) | |
| Pittco Capital Partners, L.P., | ) | |
| Pittco Capital Partners II, L.P., | ) | |
| Andrew Seamons, J.R. "Pitt" Hyde, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER TO SHOW CAUSE**

Fish & Richardson P.C. ("Fish") is hereby ordered to show cause within 3 days of the date of this order why it should not be held in contempt in light of its failure to respond to the subpoena issued out of this Court on February 26, 2008.

IT IS SO ORDERED this ___ day of _____, 2008.

_____
Honorable
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DigaComm, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | Honorable _____ |
| | ) | |
| Vehicle Safety & Compliance, LLC, | ) | |
| Pittco Capital Partners, L.P., | ) | |
| Pittco Capital Partners II, L.P., | ) | |
| Andrew Seamons, J.R. "Pitt" Hyde, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I, James E. O'Neill, hereby certify that on the 31st day of March 2008, I caused a copy of the following document(s) to be served in the manner indicated on the individuals on the attached service list:

**Petition For A Rule To Show Cause To Fish & Richardson P.C**

_/s/ James E. O'Neill_
James E. O'Neill

**Via email and Overnight Mail**
Joseph L. Fogel
John Z. Lee
Kellye L. Fabian
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

**Via email and Hand Delivery**
Fish & Richardson P.C.
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**Via email and Hand Delivery**
Cathy L. Reese
Brian M. Rostocki
Fish & Richardson, P.C.
P.O. Box 1114
Wilmington, DE 19899-1114

_____
An attorney for DigaComm, LLC