# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Cathy L. Reese
302 778-8467

Email
reese@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

April 11, 2008



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

***Via Hand Delivery***

The Honorable Joseph J. Farnan, Jr.
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE
J. Caleb Boggs Federal Building
Room 4124, Lockbox 27
844 King Street
Wilmington, Delaware 19801

Re:   ***DigaComm, LLC v. Vehicle Safety & Compliance, LLC, et al.,***
       **D. Del., No. 1:08-mc-00063-JJF**

Dear Judge Farnan:

I write in response to the Petition for Rule to Show Cause (the "Petition") to Fish & Richardson P.C. ("F&R") filed on March 31, 2008 by DigaComm, LLC ("DigaComm") and DigaComm's request to expedite the Petition. Specifically, DigaComm requests that the Court expedite its consideration of the Petition and that any briefing or oral argument be completed on an expedited basis. For the reasons set forth below, DigaComm's request to expedite is for the most part unnecessary.

First, a Clerk of the Court has advised the parties that DigaComm's Petition will be treated as a motion to compel and the Court has so indicated on its docket. (D.I. 1). Your Honor was also not assigned to the case until April 9, 2008. Under Local Rule 7.1.2(b), a response to a motion to compel is due in 10-days once the motion is properly served, which in this case would be this Monday, April 14, 2008. Unless DigaComm withdraws its Petition in the interim, F&R will file its opposition to the Petition on April 14, 2008, which will set forth the reasons DigaComm's Petition should be denied. DigaComm could then file its reply to F&R's opposition by April 21, 2008 or sooner. Thus, with respect to DigaComm's request to expedite briefing, it is unnecessary to expedite briefing at this time.

Second, contrary to DigaComm's representations, F&R has not sought to deliberately or intentionally circumvent the federal discovery procedures and rules. F&R has promptly and in good faith attempted to work out a resolution with DigaComm's counsel. In fact, F&R provided its initial objections, responses and document production to DigaComm, and F&R has since produced or made available for inspection substantially all other relevant, responsive and non-duplicative documents

The Honorable Joseph J. Farnan, Jr.
April 11, 2008
Page 2

not subject to the attorney-client privilege and work product doctrine. Thus, DigaComm's Petition is moot.

Third, DigaComm has served requests for production of documents on F&R's clients Vehicle IP, LLC ("VIP") and Vehicle Safety & Compliance, LLC ("VSAC") for substantially the same documents that DigaComm seeks in its subpoena to F&R. This is nothing more than an end-run around the federal discovery rules by obtaining from F&R through subpoena the same documents that DigaComm sought from VIP and VSAC but in less time. In any event, F&R forwarded a set of documents to VIP's and VSAC's counsel, Freeborn & Peters LLP ("Freeborn"). Those documents consist of a bulk of the documents in F&R's possession that would be responsive to DigaComm's subpoena. Freeborn is in the process of reviewing those documents to determine which ones are responsive and are not subject to the attorney-client privilege or work product doctrine. Freeborn has and will continue to produce on behalf of VIP and VSAC those documents that are responsive and not subject to any privilege or immunity. In fact, on April 9, 2008, the U.S. District Court for the Northern District of Illinois ordered that these documents be produced on a rolling basis by the defendants in the Illinois litigation and that the production be complete by April 21, 2008. DigaComm's counsel has been made aware of these facts. Again, DigaComm's Petition is moot.

However, to the extent DigaComm seeks expedited consideration from the Court and an expedited oral argument (if required), F&R does not oppose that request.

If Your Honor has any questions, I am available at the Court's convenience.

Respectfully,

*/s/ Cathy L. Reese*

Cathy L. Reese

CLR:phb
80058270.doc

Cc:
    James E. O'Neill, Esq. (*via e-service*)
    Joseph L. Fogel, Esq. (*via e-mail*)
    John Z. Lee, Esq. (*via e-mail*)
    Kellye L. Fabian, Esq. (*via e-mail*)
    Reed S. Oslan, P.C. (*via e-mail*)
    Stephen C. Hackney, Esq. (*via e-mail*)
    Matthew E. Nirider, Esq. (*via e-mail*)