IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGACOMM, LLC, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>VEHICLE SAFETY & )<br>COMPLIANCE, LLC, )<br>PITTCO CAPITAL PARTNERS, L.P, )<br>PITTCO CAPITAL PARTNERS II, L.P., )<br>ANDREW SEAMONS, J.R., and )<br>J.R. "PITT" HYDE, )<br>)<br>  Defendants. )<br>_____)  | C.A. No. 08-MC-63-JJF |

### DECLARATION OF JOHN J. STEELE, ESQUIRE

I, John J. Steele, declare as follows:

1. I am Special Counsel and Director of Ethics & Conflicts at Fish & Richardson P.C. ("F&R" or "firm") and I am based out of F&R's Silicon Valley (Redwood City, CA) office. I make this Declaration of my own personal knowledge, and if called upon as a witness would competently testify to the facts set forth in this Declaration.

2. I perform many of the functions one might expect of someone who is a general counsel for a law firm itself. One of my job responsibilities is responding to many (but not all) subpoenas served upon the firm. In performing that function I sometime use a senior case manager (who supervises paralegals) and sometimes I ask firm litigators to handle the response to the subpoena. I take this role seriously. In four years handling this function, this is the first time anyone has moved to compel production on a matter I have handled, and there has never been an order entered against us in such matters. I do not play games in discovery and I work to

keep the lines of communication open with the opposing side. In this case, to the best of my knowledge, I first received the subpoena on March 4, 2007, when my firm's Human Resources forwarded the subpoena from our agent for service. (A true and correct copy of that email is attached as Exhibit A.) When I receive a subpoena I invoke the machinery for a response. It is possible that in this case there was an initial miscommunication about which lawyers would be doing the bulk of the response.

3. I have reviewed the Petition in this matter. The Petition is inaccurate as to its description of my interaction with the Kirkland & Ellis firm.

4. I believe that my first interaction with Kirkland & Ellis on this matter was on March 24, 2008, as stated in the Petition. The description of my brief telephone call is partially correct in that I stated that I needed some time to figure out what happened. However, it is my policy and practice not to make specific promises about responses until I find out what documents the firm might have, whether the documents might be privileged, and so forth. It is also my policy and practice to inform the subpoenaing lawyer that the firm is looking for documents and to invite the subpoenaing lawyer to check in with me as I work through those issues. For that reason, it is my belief that I made those points to the Kirkland & Ellis lawyer. Further, my email exchange with the Kirkland & Ellis lawyer, attached below, demonstrates that this is how I responded.

///
///
///
///
///

5.      At paragraph 14 of the Petition, it states that DigaComm's counsel sent me an email. That is correct, and I have used the cut and paste function to attach that email and my response to it. Notice, however, that the Petition falsely describes my response. The Petition claims that I stated that "[I] would call the next day." (Pet. Para. 14) That is not what my email says, and even worse that description deceptively twists the plain meaning of the email, as the Court can see from reading the email itself. Rather, I *asked a question* of the Kirkland & Ellis lawyer about whether he could talk the next day—and he never responded to it or called me. (By the way, it is common for opposing lawyers not to respond quickly to such questions about whether they can talk with me the next day, because all of us lawyers are so busy.) Instead, he fired off the motion. Here is the actual text itself:

```
-----Original Message-----
From: John Steele
Sent: Thursday, March 27, 2008 3:57 PM
To: Stephen Hackney
Cc: Kathryn Castricone
Subject: RE: Subpoena

We are still looking.  Can we talk tomorrow?

John Steele
Special Counsel, Fish & Richardson P.C.
500 Arguello Street
Redwood City, CA 94063
650.839.5095
john.steele@fr.com


-----Original Message-----
From: Stephen Hackney [mailto:shackney@kirkland.com]
Sent: Thursday, March 27, 2008 3:41 PM
To: John Steele
Subject: Fw: Subpoena


John -- I have heard nothing on your end since our Monday call.

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
```

```
312/660-0540
----- Forwarded by Stephen
Hackney/Chicago/Kirkland-Ellis on 03/27/2008 05:41 PM
-----
```

|  |  |  |
|---|---|---|
| Stephen Hackney/Chicago/Kirkland-Ellis | jsteele@fr.com | To |
|  |  | cc |
| 03/26/2008 09:07 AM | Subpoena | Subject |

John,

I wanted to check in and see if you had a report for me on the subpoena we discussed on Monday. Please give me a call when you get a chance.

Thanks,

Steve

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540

    6.    It was my expectation that the subpoenaing lawyer would let me know whether or not he could meet the next day, or that he would send me back an email in response, or that he would otherwise follow up with me. It was also my expectation that the subpoenaing lawyer would understand that the firm was "still looking" for responsive documents, which we were. At

///

///

///

all times, I worked cooperatively with the Kirkland & Ellis lawyer, let him know that we were still looking for documents, and invited him to keep communicating with me.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Dated: April 14, 2008

_____
John J. Steele

# EXHIBIT A

## John Steele

**Subject:** FW: Subpoena Received
**Attachments:** Subpoena.pdf; Subpoena 2.pdf

---

**From:** Jennifer Randall
**Sent:** Tuesday, March 04, 2008 9:40 AM
**To:** John Steele
**Cc:** Jane Smith
**Subject:** Subpoena Received

Hi John,
We received the attached subpoena in our office. Please let us know if you have any questions.

Thanks,

**Jennifer Randall**
**HR Generalist**
🐟 Fish & Richardson P.C.
3300 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
jennifer.randall@fr.com
612-337-2548