## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DigaComm, LLC,                          )
                                        )
      Plaintiff,                   )
                                        )
   v.                                 )    Civil Action No. 08-63 (JJF)
                                        )
Vehicle Safety & Compliance, LLC,       )
Pittco Capital Partners, L.P.,          )
Pittco Capital Partners II, L.P.,       )
Andrew Seamons, J.R. "Pitt" Hyde,       )
                                        )
      Defendants.                  )
                                        )

## DIGACOMM, LLC'S REPLY IN SUPPORT OF PETITION TO SHOW CAUSE TO
## FISH & RICHARDSON P.C.

Fish & Richardson P.C. ("Fish") ignored a subpoena issued out of this Court. After

unsuccessful attempts to engage Fish in a dialogue regarding the subpoena, DigaComm filed its

Petition for a Rule to Show Cause. Even as of the filing of this brief, Fish's production remains

substantially incomplete. It has withheld, among other things, a significant number of responsive

documents that it sent to Freeborn & Peters ("Freeborn"), lead counsel for Defendants. Thus,

while it ignored DigaComm's subpoena, Fish provided documents to DigaComm's adversaries.

Nor has Fish produced documents relating to its internal analysis of whether to litigate the

subject patents on a contingency.

Fish's arguments in opposition to DigaComm's petition to show cause are primarily

critiques of DigaComm's subpoena, not justifications for Fish's failure to respond. Fish alleges

(1) that the subpoena is overbroad, and (2) that DigaComm should obtain the requested

documents from Defendants. These arguments do not demonstrate good cause for three reasons.

First, Fish waived its objections by failing to object within 14 days and by failing to respond at

all to the subpoena by its return date. Second, Fish's version of the facts does not comport with DigaComm's understanding. Ms. Reese's declaration explaining why Fish failed to respond is difficult to square with Mr. Steele's and is inconsistent with what DigaComm was told. Third, Fish continues to withhold a significant number of relevant, responsive documents, including the documents it provided to DigaComm's adversary. For these reasons, Fish has failed to show good cause for its continued failure to comply with the subpoena.

A.    **Fish cannot justify its failure to respond to the subpoena by standing on objections it previously waived.**

To the extent Fish had objections to DigaComm's subpoena, the Federal Rules provide a procedure for asserting them. Rule 45 requires that objections be asserted within 14 days, otherwise they are waived. *See* Rule 45(c)(2)(B); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections.") Fish did not raise its objections in a timely fashion under Rule 45 because it failed to object within 14 days. Fish also failed to respond to DigaComm's subpoena when due and never requested an extension. To date, Fish has still not requested an extension of the time to respond from DigaComm. Fish's objections, therefore, do not justify its noncompliance.

B.    **Fish's explanation here differs from the story it told DigaComm, and in any event, does not demonstrate good cause.**

The facts presented in Fish's response brief differ from the facts it relayed to DigaComm. According to its response brief, Fish began work to respond to the subpoena immediately after receiving it. (Resp. at ¶ 12.) Ms. Reese's declaration states that "[o]nce the subpoena reached Steele in F&R's Redwood City, California office on March 4, 2008…Steele started the extensive process of responding to DigaComm's subpoena…." (Reese Decl. at ¶ 8.)

2

But during his limited interactions with Steve Hackney, DigaComm's lead counsel, Mr. Steele provided a much different explanation. During his initial conversation with Mr. Hackney, Mr. Steele informed him that the subpoena had "fallen through the cracks." (Hackney Decl. at ¶ 8, attached as Exhibit 1.) Mr. Steele's declaration supports the version of the facts he relayed to Mr. Hackney. Mr. Steele states that "[i]t is possible that in this case there was an initial miscommunication about which lawyers would be doing the bulk of the response." (Steele Decl. at ¶ 2.)

Ms. Reese's and Mr. Steele's descriptions of Fish's interactions with Mr. Hackney also differ from Mr. Hackney's recollection. On February 21, 2008, Mr. Hackney first sent a copy of the subpoena by Federal Express to Ms. Reese and requested that she accept service. (Hackney Decl. at ¶ 4.) Mr. Hackney did not hear back from Ms. Reese, so he had the subpoena served on Fish's registered agent in Delaware. (*Id.*, ¶ 5.) Thereafter, no one from Fish contacted Mr. Hackney regarding the subpoena. (*Id.*, ¶ 6.) As a final professional courtesy, on March 23, Mr. Hackney emailed a draft of the Petition to Ms. Reese and her associate, Brian Rostocki. (*Id.*, ¶ 7.) Mr. Rostocki directed Mr. Hackney to contact Mr. Steele. (*Id.*, ¶ 8.) Mr. Hackney's interactions with Mr. Steele are summarized in the following table:

| Date | Communication between Mr. Hackney and Mr. Steele |
| --- | --- |
| March 24 | Mr. Hackney contacted Mr. Steele by telephone. Mr. Steele informs him that the subpoena had "fallen through the cracks." Mr. Steele also states that he needs a day to "figure out what had happened" and promises to call the next day. (Hackney Decl at ¶ 8.) |
| March 26 | Mr. Steele does not contact Mr. Hackney. Mr. Hackney sends Mr. Steele an email and receives no response. (*Id.*, ¶ 9.) |
| March 27 | Mr. Hackney sends Mr. Steele a yet another email. Mr. Steele responds, writing "We are still looking. Can we talk tomorrow?" Mr. Hackney responds, informing Mr. Steele that he will be out of the office on March 28, but asks Mr. Steele to contact his associate, Matt Nirider. (*Id.*, ¶ 10.) |

3

| Date | Communication between Mr. Hackney and Mr. Steele |
|------|---------------------------------------------------|
| March 28 | Mr. Steele does not contact either Mr. Hackney or Mr. Nirider.  (*Id.*, ¶ 11.) |

Given these interactions with Mr. Steele, DigaComm was surprised by Ms. Reese's

statement that Fish "believed it was working with DigaComm's counsel" in responding to the

subpoena.  From DigaComm's perspective, rather than cooperation, DigaComm received only

further delay and run-around after it undertook the professional courtesy of attempting to contact

Fish after the subpoena's due date had come and gone.  In short, Fish has failed to establish good

cause for its neglect.

### C.    Fish has yet to make a complete production even though it has provided documents to DigaComm's adversary.

Fish claims that it has completed its document production in response to the subpoena.

But Fish's document production is not complete in at least two significant respects.  *First*, Fish

admits it provided a number of documents responsive to the subpoena to Defendants and their

counsel, but Fish has refused to produce those same documents to DigaComm.  *Second*, Fish has

not produced documents relating to its internal evaluation of whether to litigate the patents at

issue on a contingency.

In its response brief, Fish contends that it has no obligation to produce the documents it

already provided to Defendants and their counsel, citing the expense and burden of doing so.

(Resp. at ¶ 17.)  DigaComm's subpoena, however, was directed to Fish, not Defendants or their

counsel.  Accordingly, Fish is required to produce documents to DigaComm, and cannot satisfy

its obligations under the subpoena by providing documents to DigaComm's adversary.  Nor does

Fish cite to any authority supporting its position.  In addition, because Fish already gathered and

sent these documents to Freeborn, it should be a relatively simple matter for Fish to provide the

same documents to DigaComm.

4

*Second*, Fish has failed to produce documents relating to any analyses of VIP's patents it conducted in deciding to litigate the subject patents on a contingent fee basis. These documents are clearly sought by the subpoena. Request number 8 of attachment A to the subpoena seeks "[a]ll estimates, projections, appraisal reports, valuation analyses, budgets, market studies,…and/or any other documents relating to the current or future value of the VIP Patent Portfolio." Moreover, these documents are highly relevant to DigaComm's position on the value of the subject patents, a hotly-contested issue in the underlying litigation.

DigaComm's underlying claims for fraud, tortious interference with contract, and unjust enrichment center around a deal that DigaComm facilitated between a wholly-owned subsidiary of Defendant VSAC, Vehicle IP, LLC ("VIP"), and General Electric. In exchange for DigaComm's efforts, VIP promised to compensate DigaComm with a percentage of the GE deal. During the negotiation of the GE deal, VIP consistently represented that its patent portfolio was worth $4 billion. In addition to detailed documents laying out its valuation analysis, VIP used Fish's willingness to litigate the patents on a contingency to lend credibility to its valuation analysis.

Now that the parties are in litigation, however, Defendants have attempted to distance themselves from their prior representations. Given that Fish was willing to litigate the subject patents on a contingency, Fish is an important, independent source of evidence regarding their value. These documents are no longer of importance to Fish because Fish will not be litigating the patents VIP sold to GE. Any confidentiality concerns should be alleviated by the protective order in place in the underlying litigation.

VIP cannot claim a privilege in Fish's decision-making analysis as any such documents were a product of negotiations between Fish and VIP. In any event, however, documents

5

withheld on a claim of privilege must be described in a privilege log so that DigaComm may evaluate the claim of privilege.[1]  *See* Fed. R. Civ. Proc. 34.  To date, Fish has provided no privilege log whatsoever.

## **CONCLUSION**

DigaComm requests a finding that (a) Fish is in contempt of the court order embodied in the subpoena served upon it; (b) Fish has waived any objections it might have under Rule 45(d); (c) that Fish must immediately produce all documents responsive to DigaComm's subpoena; and (d) Fish should pay DigaComm's costs and attorneys fees in connection with the enforcement of the subpoena.

*[Remainder of page intentionally left blank]*

---

[1]    As noted in its Petition, DigaComm specified in the subpoena that it did not seek documents relating to Fish's representation of VIP in the arbitral proceeding.

6

Dated: April 24, 2008

PACHUSKI STANG ZIEHL & JONES LLP

*James E O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302)-652-4400

and

KIRKLAND & ELLIS LLP
Reed S. Oslan, P.C.
Stephen C. Hackney
Matthew E. Nirider
200 East Randolph Drive
Chicago, Ilinois 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

Attorneys for DigaComm, LLC.

7

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DigaComm, LLC,                              )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )          Civil Action No. 08-mc-0063-JJF
                                           )
Vehicle Safety & Compliance, LLC,          )          Honorable Joseph J. Farnan, Jr.
Pittco Capital Partners, L.P.,             )
Pittco Capital Partners II, L.P.,          )
Andrew Seamons, J.R. "Pitt" Hyde,          )
                                           )
            Defendants.                    )
                                           )

## DECLARATION OF STEPHEN C. HACKNEY

      I, Stephen C. Hackney, being duly sworn, declare as follows:

      1.      I am an attorney with Kirkland & Ellis LLP and I am counsel for DigaComm both in

this action and in an arbitral proceeding before the American Arbitration Association.

      2.      This declaration is intended to serve as a proffer of evidence I would introduce

relating to DigaComm's subpoena to Fish & Richardson P.C. ("Fish") and the Petition for Rule

to Show Cause filed against Fish in this Court.

      3.      Defendants have produced only 457 pages of documents to date.  Fish has refused to

produce documents that it provided to Defendants and their counsel.

      4.      On February 21, 2008, I sent a copy of Attachment A to DigaComm's subpoena to

Cathy Reese via Federal Express.  The Federal Express tracking record for the package shows

that it was delivered on February 22, 2008.  (A copy of the Federal Express tracking record is

attached as Exhibit A.)  In a letter covering the attachment, I inquired whether Ms. Reese would

agree to accept service on behalf of Fish.  (A copy of this letter is attached as Exhibit B.)

5.     After receiving no response from Ms. Reese, I arranged for service of a subpoena on

Fish's registered agent in Delaware. The subpoena was served on February 29. (A copy of the

process server's affidavit of service is attached as Exhibit C.) A response to the subpoena was

due on March 18, 2008.

6.     I received no communications from anyone at Fish regarding the subpoena prior to its

return date.

7.     On March 23, 2008, I attempted to contact Fish regarding the subpoena by emailing a

draft copy of DigaComm's Petition for a Rule to Show Cause to Ms. Reese. (A copy of this

email is attached as Exhibit D.) In response, I received an automatic out-of-office reply. Out of

an abundance of caution, I then forwarded this message to Brian Rostocki, Ms. Reese's

associate. (A copy of this email is attached as Exhibit E.)

8.     On March 24, 2008, Mr. Rostocki responded to my email and directed me to contact

John Steele. I called Mr. Steele that same day. During our short conversation, Mr. Steele

informed me that the subpoena had "fallen through the cracks" and that he would need a day to

figure out what had happened.

9.     On March 26, after not hearing from Mr. Steele, I sent him an email to follow up on

our conversation. (A copy of this email is attached as Exhibit F.) Mr. Steele did not respond to

my email.

10.     On March 27, I sent Mr. Steele another email, as I had still not heard back from him.

(A copy of this email is included in Exhibit F.) Mr. Steele responded and asked if we could

speak the next day, March 28. I responded to Mr. Steele on March 27, informing him that I

would be out of the office on March 28, but that he could contact my associate, Matt Nirider,

2

regarding the subpoena.  (A copy of this email exchange is attached as Exhibit G.)  I was surprised by Mr. Steele's statement in his declaration that I never responded to his March 27 email.  The replica of that email in Mr. Steele's declaration omits my responsive email directing him to call Mr. Nirider, as you can see from Exhibit G.

11.     Neither Mr. Nirider nor I heard from Mr. Steele on March 28.

I, Stephen C. Hackney, hereby declare that the foregoing representations are true under the penalties for perjury.

April 24, 2008

Stephen C. Hackney

3

# EXHIBIT A

Track Shipments/FedEx Kinko's Orders

# Detailed Results

(?) Quick Help

| | | | |
|---|---|---|---|
| **Tracking number** | 861994618489 | **Reference** | 35278-00026SHac |
| **Signed for by** | S.THOMPSON | | kneyWHG |
| **Ship date** | Feb 21, 2008 | | |
| **Delivery date** | Feb 22, 2008 10:28 AM | **Destination** | WILMINGTON, DE |
| | | **Delivered to** | Mailroom |
| | | **Service type** | Priority Box |
| | | **Weight** | 6.0 lbs. |

| | |
|---|---|
| **Status** | Delivered |
| **Signature image available** | Yes |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Feb 22, 2008 | 10:28 AM | Delivered | WILMINGTON, DE | |
| | 8:22 AM | On FedEx vehicle for delivery | NEW CASTLE, DE | |
| | 8:19 AM | At local FedEx facility | NEW CASTLE, DE | |
| | 6:20 AM | At dest sort facility | PHILADELPHIA, PA | |
| | 5:09 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| | 1:21 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| Feb 21, 2008 | 9:35 PM | Left origin | CHICAGO, IL | |
| | 8:40 PM | Package data transmitted to FedEx | | |
| | 8:09 PM | Picked up | CHICAGO, IL | |

**Subscribe to tracking updates (optional)**

Your name: [_____]     Your e-mail address: [_____]

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [_____] | English | ■ | ■ |
| [_____] | English | ■ | ■ |
| [_____] | English | ■ | ■ |
| [_____] | English | ■ | ■ |

Select format: ⦿ HTML  ⦿ Text  ⦿ Wireless

Add personal message:

Not available for Wireless or non-English characters.

[_____]

By selecting this check box and the Submit button, I agree to these Terms and Conditions 



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

April 1, 2008

Dear Customer:

The following is the proof-of-delivery for tracking number **861994618489**.

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | WILMINGTON, DE |
| Signed for by: | S.THOMPSON | Delivery date: | Feb 22, 2008 10:28 |
| Service type: | Priority Box | | |

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 861994618489 | Ship date: | Feb 21, 2008 |
| | | Weight: | 6.0 lbs. |

Recipient:
WILMINGTON, DE US

Shipper:
CHICAGO, IL US

Reference

35278-00026SHackneyWHG

Thank you for choosing FedEx Express.

**FedEx Worldwide Customer Service**
**1.800.GoFedEx 1.800.463.3339**

**FedEx** *US Airbill*    FedEx Tracking Number    8619 9461 8489    Sender's Copy

**1  From** *Please print and press hard.*

Date 2/21/08    Sender's FedEx Account Number  0606-2331-7

Sender's Name   Stephen C. Hackney    Phone (312) 861-2157

Company   KIRKLAND & ELLIS LLP

Address   200 E RANDOLPH ST FL 54

City   CHICAGO    State IL    ZIP 60601-6603

**2  Your Internal Billing Reference**   35278-26  original    *First 24 characters will appear on invoice.*

**3  To**

Recipient's Name   Cathy L. Reese, Esq.    Phone ( )

Company   Fish & Richardson, P.C.

Recipient's Address *We cannot deliver to P.O. boxes or P.O. ZIP codes.*

Address   919 North Market Street, Suite 1100
*To request a package be held at a specific FedEx location, print FedEx address here.*

City   Wilmington    State DE    ZIP 19899-1114

0368076321

find drop-off locations at fedex.com

**4a  Express Package Service**    *Packages up to 150 lbs.*

☒ FedEx Priority Overnight    ☐ FedEx Standard Overnight    ☐ FedEx First Overnight

☐ FedEx 2Day    ☐ FedEx Express Saver

**4b  Express Freight Service**    *Packages over 150 lbs.*

☐ FedEx 1Day Freight    ☐ FedEx 2Day Freight    ☐ FedEx 3Day Freight

**5  Packaging**

☐ FedEx Envelope    ☐ FedEx Pak    ☒ FedEx Box    ☐ FedEx Tube    ☐ Other

**6  Special Handling**    *Include FedEx address in Section 3.*

☐ SATURDAY Delivery    ☐ HOLD Weekday at FedEx Location    ☐ HOLD Saturday at FedEx Location

*Does this shipment contain dangerous goods?*

☒ No    ☐ Yes *As per attached Shipper's Declaration*    ☐ Yes *Shipper's Declaration not required*    ☐ Dry Ice    ☐ Cargo Aircraft Only

**7  Payment** *Bill to:*

☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value
                                  $          .00

**8  Residential Delivery Signature Options**

☐ No Signature Required    ☐ Direct Signature    ☐ Indirect Signature

519

Rev. Date 10/06 Part #156299-0109 ©1994-2006 FedEx PRINTED IN U.S.A. SRF

# EXHIBIT B

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Stephen C. Hackney
To Call Writer Directly:
312 861-2157
shackney@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

February 21, 2008

Joseph L. Fogel, Esq.
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606-6677

**VIA:  Email and Federal Express**

Cathy L. Reese, Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
Wilmington, Delaware  19899-1114

Re:     *DigaComm, LLC v. Vehicle IP,  LLC, et al.*

Dear Joe and Cathy:

Enclosed please find the following discovery requests: (1) Requests for
Production of Documents, Interrogatories, and Requests to Admit directed to Vehicle IP, LLC;
(2) Requests for Production of Documents, Interrogatories, and Requests to Admit directed to
Brad Larschan; (3) Subpoena for documents to Vehicle Safety & Compliance, LLC; and (4)
Subpoena for documents to Preferred Interest Holders.

With respect to VSAC and the Pittco entities, you indicated that you would
coordinate their responses if we would agree to coordinate the responses of Messrs. Tunick and
Larschan.  I have placed calls to both men, but believe I will need to have the requests in hand
before I can secure their agreement.  Please send me copies of your proposed requests.  Just so
we are clear, we each agree that in coordinating the voluntary compliance of either VSAC/Pittco
on your side, or Tunick/Hall on mine, neither of us is ceding or waiving any jurisdictional or
other objections they might have.  That being said, we are both agreeing that, to the extent we do
coordinate their voluntary participation, we will make certain that they either fully respond to the
requests for production or note their objections, as appropriate, just as if they were a party.
Please let me know if this is a fair formulation of what we propose to do.

If we are able to reach agreement on the foregoing third-parties, I would
appreciate it if the Pittco entities would each respond separately to the generic Preferred Interest
Holder subpoena we prepared.  We used this format because we do not know who all of the
Preferred Interest Holders are.

Hong Kong          London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

Joseph L. Fogel, Esq.     **KIRKLAND & ELLIS LLP**
Cathy L. Reese, Esq.
February 21, 2008
Page 2


      Also included with this letter are copies of subpoenas for documents to (a) Fish & Richardson; (b) General Electric; (c) Fundamental Wireless, LLC; and (d) generic Preferred Interest Holder requests. These are your service copies. I am endeavoring to secure the voluntary compliance of the first three entities, and would appreciate it if Cathy would give me Fish's position. If I fail to do so, I will follow the appropriate procedures available to me in the courts. The Generic Preferred Interest Holder request is the substance of any subpoena I am able to serve on the Preferred Interest Holders. Joe, as we discussed today, you are taking the position that you have been unable to secure the voluntary compliance of the Preferred Interest Holders other than the two Pittco entities.

      If you have any questions, please do not hesitate to contact me.

          Very truly yours,

          Stephen C. Hackney

SCH/lic

cc:    John Lee
       Kellye Fabian
       Reed Oslan
       Matt Nirider

# EXHIBIT C

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

| | |
|---|---|
| DigaComm, LLC | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Vehicle Safety and Compliance, LLC, et al. | Case Number:[1]  08 C 338 (N.D. Ill.) |

TO:   Fish & Richardson P.C., The Corporation Trust Company,
Corporation Trust Center, 1209 Orange Street, Wilmington,
DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE     919 N. Market Street, 17th Floor, Wilmington, DE  19899 | DATE AND TIME<br>3/18/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff DigComm, LLC | DATE<br>2/26/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew E. Nirider, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601
(312) 861-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (DE Rev. 01/07) Subpoena in a Civil Case                                    HPS 2125

## PROOF OF SERVICE

| | DATE / TIME | PLACE |
|---|---|---|
| SERVED | 2/29/08 at 2:00 PM | Corporation Trust Co.<br>1209 Orange St., Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) / TITLE | MANNER OF SERVICE |
|---|---|
| Fish & Richardson, P.C. | Accepted by Scott LaScala, Managing Agent duly authorized to accept service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3/3/08
_____
DATE

SIGNATURE OF SERVER

HATFIELD PROCESS SERVICE
*(www.hatfieldprocess.com)*
ADDRESS OF SERVER
1669 Jefferson
Kansas City, MO 64108

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
### District of Delaware

Case Number: 08C338

Plaintiff/Petitioner:
**DIGACOMM, LLC**
vs.
Defendant/Respondent:
**VEHICLE SAFETY AND COMPLIANCE, LLC, et al.**

For: Caroline P. Lippert
KIRKLAND & ELLIS, LLP

Received by Hatfield Process Service on the **28th day of February, 2008** at 10:00 am to be served on **Fish & Richardson, P.C., c/o Registered Agent: The Corporation Trust Company, 1209 North Orange Street, Wilmington, DE 19801.** I, _Daniel_ _Newcomb_ , do hereby affirm that on the _29_ day of __February_ , 2008_ at _2 : 00_ p.m., executed service by delivering a true copy of the Subpoena in a Civil Case with Attachment A in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving _Scott LaScala_
as ___Managing Agent___ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as_____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.


COMMENTS: _____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.




PROCESS SERVER # _Daniel Newcomb (no #s in DE)_
Appointed in accordance
with State Statutes

**Hatfield Process Service**
**Www.Hatfieldprocess.Com**
**1669 Jefferson**
**Kansas City, MO  64108**
**(816) 842-9800**
**Our Job Serial Number: 2008002125**

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.1b

# EXHIBIT D

| | | |
|---|---|---|
| **Stephen Hackney**/Chicago/Kirkland-Ellis | To | reese@fr.com |
| | cc | mnirider@kirkland.com |
| 03/23/2008 11:32 AM | bcc | Judith Jimenez/Chicago/Kirkland-Ellis@K&E |
| | Subject | Fish & Richardson subpoena |

Cathy,

DigaComm served your firm with subpoenas for production of documents on February 29, 2008. Those subpoenas were returnable on March 18, 2008. To date, Fish & Richardson has simply ignored them. I wanted to take one last pass by you seeking Fish's immediate compliance with the subpoenas. If we are unable to arrive at an appropriate resolution by the end of the day tomorrow, I will seek appropriate relief with the Court. Please call me to discuss.

Steve

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540

# EXHIBIT E

| | | |
|---|---|---|
| **Stephen Hackney/Chicago/Kirkland-Ellis** | To | blazer@fr.com, rostocki@fr.com |
| | cc | mnirider@kirkland.com |
| 03/23/2008 11:34 AM | bcc | |
| | Subject | Fw: Fish & Richardson subpoena |

Cathy's email account returned a reply suggesting she is out of the office until tomorrow. Out of an excess of caution, I am forwarding you my message to her below, as directed by her email reply.

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540
----- Forwarded by Stephen Hackney/Chicago/Kirkland-Ellis on 03/23/2008 11:33 AM -----

| | | |
|---|---|---|
| **Stephen Hackney/Chicago/Kirkland-Ellis** | To | reese@fr.com |
| | cc | mnirider@kirkland.com |
| 03/23/2008 11:32 AM | Subject | Fish & Richardson subpoena |

Cathy,

DigaComm served your firm with subpoenas for production of documents on February 29, 2008. Those subpoenas were returnable on March 18, 2008. To date, Fish & Richardson has simply ignored them. I wanted to take one last pass by you seeking Fish's immediate compliance with the subpoenas. If we are unable to arrive at an appropriate resolution by the end of the day tomorrow, I will seek appropriate relief with the Court. Please call me to discuss.

Steve

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540

# EXHIBIT F

| **Stephen Hackney/Chicago/Kirkland-Ellis** | To | jsteele@fr.com |
|---|---|---|
| 03/27/2008 05:41 PM | cc | |
| | bcc | |
| | Subject | Fw: Subpoena |

John -- I have heard nothing on your end since our Monday call.

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540
----- Forwarded by Stephen Hackney/Chicago/Kirkland-Ellis on 03/27/2008 05:41 PM -----

| **Stephen Hackney/Chicago/Kirkland-Ellis** | To | jsteele@fr.com |
|---|---|---|
| 03/26/2008 09:07 AM | cc | |
| | Subject | Subpoena |

John,

I wanted to check in and see if you had a report for me on the subpoena we discussed on Monday. Please give me a call when you get a chance.

Thanks,

Steve

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540

# EXHIBIT G

| | To | "John Steele" <JSteele@fr.com> |
|---|---|---|
| **Stephen Hackney/Chicago/Kirkland-Ell is** | cc | "Kathryn Castricone" <Castricone@fr.com>, mnirider@kirkland.com |
| 03/27/2008 05:59 PM | bcc | |
| | Subject | RE: Subpoena |

You can contact my associate, Matt Nirider tomorrow, as I am out of the office.. Please be aware that, as I informed you on Monday, we are under very strict rocket docket procedures in our case. The Judge's order specifically states that he will not allow adjustments to the schedule based on the "unmet promises of counsel" regarding discovery. I say this to give you context that we will require quick compliance.

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540
"John Steele" <JSteele@fr.com>



| **"John Steele" <JSteele@fr.com>** | To | "Stephen Hackney" <shackney@kirkland.com> |
|---|---|---|
| 03/27/2008 05:56 PM | cc | "Kathryn Castricone" <Castricone@fr.com> |
| | Subject | RE: Subpoena |

```
We are still looking.  Can we talk tomorrow?

John Steele
Special Counsel, Fish & Richardson P.C.
500 Arguello Street
Redwood City, CA 94063
650.839.5095
john.steele@fr.com


-----Original Message-----
From: Stephen Hackney [mailto:shackney@kirkland.com]
Sent: Thursday, March 27, 2008 3:41 PM
To: John Steele
Subject: Fw: Subpoena


John -- I have heard nothing on your end since our Monday call.

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540
----- Forwarded by Stephen
Hackney/Chicago/Kirkland-Ellis on 03/27/2008 05:41 PM
-----
```

|  |  |  | To |
| --- | --- | --- | --- |
| Stephen Hackney/C hicago/Ki rkland-El lis | jsteele@fr.com |  |  |
|  |  |  | cc |
| 03/26/200 8  09:07 AM | Subpoena |  | Subject |

John,

I wanted to check in and see if you had a report for me on the subpoena we discussed on Monday.  Please give me a call when you get a chance.

Thanks,

Steve

Stephen Hackney
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
312/861-2157
312/660-0540

************************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DigaComm, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-63 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| Vehicle Safety & Compliance, LLC, | ) | |
| Pittco Capital Partners, L.P., | ) | |
| Pittco Capital Partners II, L.P., | ) | |
| Andrew Seamons, J.R. "Pitt" Hyde, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 24th day of April, 2008, I caused a

copy of the following documents to be served on served on the individuals on the attached

service lists in the manner indicated

**DIGACOMM, LLC'S REPLY IN SUPPORT OF PETITION TO SHOW CAUSE TO
FISH & RICHARDSON P.C.**

James E. O'Neill (Bar No. 4042)

DigaComm Service List
Document No. 136350
02 – Hand Delivery
01 – Overnight Delivery
05 – Electronic Mail


**Hand Delivery**
Fish & Richardson P.C.
The Corporation Trust Company
1209 Orange Street
Wilmington, DE  19801

**Via email and Hand Delivery**
Cathy L. Reese, Esquire
Brian M. Rostocki, Esquire
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
reese@fr.com
rostocki@fr.com

**Via email and Overnight Mail**
Joseph L. Fogel, Esquire
John Z. Lee, Esquire
Kellye L. Fabian, Esquire
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL  60606
jfogel@freebornpeters.com
jlee@freebornpeters.com
kfabian@freebornpeters.com