```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

DIGACOMM, LLC,                    :
                                  :
        Plaintiff,                :
                                  :
    v.                            :   C.A. No. 08-MC-63 JJF
                                  :
VEHICLE SAFETY & COMPLIANCE,      :
LLC, et al.,                      :
                                  :
                                  :
        Defendants.                :

## MEMORANDUM OPINION & ORDER

Plaintiff, by its present petition (D.I. 1), seeks to enforce a subpoena to the Fish & Richardson law firm. Fish and Richardson contends it has reasonably complied with the subpoena, but Plaintiff asserts that Fish & Richardson ignored the subpoena. Of interest to the Court, Plaintiff's counsel asserts that "[t]he facts presented in Fish's response brief differ from the facts it relayed to DigaComm." (Reply Brief at 2, D.I. 9.) After making this assertion, a detailed factual pattern is set out which Plaintiff contends demonstrates that "Fish has failed to establish good cause for its neglect."

In the Court's experience, lawyering in fast paced, high stakes litigation can sometimes wander from the professional standards expected.[1] Plaintiff's counsel has made it clear this is a case with high stakes for its client and the lawyers

---

[1] The Court notes that Plaintiff's counsel has repeatedly cited the "rocket docket" schedule of the underlying case.

involved in this dispute:

> DigaComm's underlying claims for fraud, tortious interference with contract, and unjust enrichment center around a deal that DigaComm facilitated between a wholly-owned subsidiary of Defendant VSAC, Vehicle IP, LLC ("VIP"), and General Electric ("GE"). In exchange for DigaComm's efforts, VIP promised to compensate DigaComm with a percentage of the GE deal. During the negotiation of the GE deal, VIP consistently represented that its patent portfolio was worth $4 billion. In addition to detailed documents laying out it valuation analysis, VIP used Fish's willingness to litigate the patents on a contingency to lend credibility to its valuation analysis. (Reply Brief at 5, D.I. 9.)

In order to resolve the legal issues presented by the petition and the professional issues presented by the briefing, the Court will conduct an evidentiary hearing. At the hearing, the Court will require the appearances of James E. O'Neill (Pachuski Stang Ziehl & Jones LLP), Stephen C. Hackney and Matthew E. Nirider (Kirkland & Ellis LLP), Cathy L. Reese and John Steele (Fish & Richardson P.C.).

NOW THEREFORE, IT IS HEREBY ORDERED:

1. An evidentiary hearing will be held on **Wednesday, May 7, 2008 at 1:00 p.m.** If the subpoena issues are fully resolved, the hearing must still go forward to resolve the professional issues;

2. All of the above-mentioned attorneys shall appear.

April 29, 2008

_____
UNITED STATES DISTRICT JUDGE