# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Cathy L. Reese
302 778-8467

Email
reese@fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

May 16, 2008

*Via Email and Facsimile*

Stephen C. Hackney, Esquire
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, Illinois 60601

Re:   *Fish & Richardson P.C. ("F&R") Subpoena Compliance*

Dear Mr. Hackney:

I am in receipt of your letter dated May 15, 2008. This letter constitutes F&R's response to your letter, as required by Judge Farnan's May 7, 2008 order.

Pursuant to Judge Farnan's order, F&R was to produce the following categories of documents: (1) documents related to the agreement for a contingency fee, and in that regard any documents that would discuss the value of the subject patents; (2) documents related to any activity that may have occurred between F&R and DigaComm with regard to the introduction of DigaComm to VIP and/or GE; (3) documents relating to the GE transaction; and (4) third-party documents in F&R's possession that relate to the value of VIP grossly or the subject patents. *See DigaComm, LLC v. Vehicle Safety & Compliance, LLC, et al.*, No. 08C-338-JJF, Evidentiary Hearing Transcript, dated May 7, 2008 ("Tr."), at pp. 25-27. In addition, F&R was to produce a privilege log with respect to the above-mentioned categories of documents and represent that it has done a complete electronic search for electronic data relative to the four above-mentioned areas. *Id.* at p. 27. F&R was not required to produce documents relating to separate litigation matters where F&R has been engaged by VIP and F&R was not required to produce documents relating to litigation matters F&R undertook for VIP unrelated to the subject patents. *Id.* at 26.

On April 7 and 11, 2008 and May 7, 13 and 14, 2008, F&R produced non-privileged documents responsive to the four areas mentioned above and to Judge Farnan's order. In addition, on May 14, 2008, F&R produced its privilege log and provided its representation relating to its search for electronic data.

I now turn to your comments and inquiries relating to F&R's document production and the four categories of documents mentioned above. I will address your comments and inquires in the order presented in your letter.

FISH & RICHARDSON P.C.

Stephen C. Hackney, Esquire
May 16, 2008
Page 2

First, you stated your belief that F&R has made a full production of documents with respect to category no. 2 (*i.e.*, documents related to F&R's involvement in any introduction of DigaComm to VIP and/or GE). We agree that F&R has made a full production of all non-privileged documents with respect to category no. 2.

Second, with respect to category no. 3, F&R was not involved in the negotiation of the GE Deal or in any other capacity in the GE Deal, other than to forward some files in connection with GE's due diligence on the VIP patents. We have produced this correspondence and non-privileged documents responsive to category no. 3. As you note, the small number of documents produced makes sense given F&R's very limited role. We have produced all non-privileged documents with respect to category no. 3.

Third, with respect to category no. 1, F&R did not conduct any evaluation of the patents that ended up in the GE Deal to determine whether they were appropriate for a contingent fee arrangement. F&R has had discussions with VIP and GE to explore the possibility of an engagement to enforce the GE Deal patents as reflected, for example, in the emails produced concerning the meetings between F&R, VIP and GE, but those discussions did not progress to the point where F&R evaluated the GE Deal patents to determine whether they were appropriate for a contingent fee arrangement. In short, F&R has never made a valuation of any of the patents in the GE Deal. We have produced all non-privileged documents responsive to category no. 1.

Fourth, with respect to category no. 4, F&R does not have any documents that are required to be produced under Judge Farnan's order. VIP provided F&R with certain documents in connection with the Turn-by-Turn litigation (*i.e.*, a non-GE Deal patent litigation). As Judge Farnan ordered and as you acknowledged in your letter, F&R does not have to produce documents relating to litigation matters F&R undertook for VIP unrelated to the subject GE Deal patents.

Fifth, F&R believes the privilege log provided is sufficient for DigaComm to evaluate F&R's assertion of privilege. However, F&R is willing to provide for *in camera* inspection of the documents F&R asserts are privileged. In fact, Judge Farnan mentioned this possibility at the May 7th hearing. Tr. at pp. 13-14.

Finally, you stated that you are unable to reconcile F&R's prior statement that the subpoena required it to cull through tens of thousands of pages for privilege. The tens of thousands of pages referenced were the 50,000 plus pages of engineering documents and drawings we offered for inspection, as well as the tens of thousands of pages we received from VIP in connection with the Turn-by-Turn litigation. As you note, Judge Farnan carved these documents out of his order. We trust that this explanation will allow you to reconcile our prior statement and the scope of the

FISH & RICHARDSON P.C.

Stephen C. Hackney, Esquire
May 16, 2008
Page 3

production. In our view, F&R has fully complied with the Court's order. Please confirm that DigaComm agrees. If you need further explanation or have additional questions, please let me know.

Very truly yours,

Cathy L. Reese
(DE Bar No. 2838)

CLR:phb

Cc: Hon. Joseph J. Farnan, Jr. (*via e-filing and hand delivery*)
    Clerk of the Court (*via e-filing and hand delivery*)
    Reed S. Oslan, Esquire (*via email*)
    Matthew E. Nirider, Esquire (*via email*)
    James O'Neill, Esquire (*via email*)